UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETR KOSOVAN,

Plaintiff,

v.

SIEMENS MOBILITY, INC., et al.,

Defendants.

No.  2:25-cv-2845 DC CKD

ORDER

On April 30, 2026, the undersigned held an informal discovery conference, via Zoom videoconference, based on the parties' joint informal discovery dispute letter brief filed April 29, 2026.  (ECF No. 15).  Attorney Jonathan Gonzales appeared on behalf of plaintiff, and attorney Jeffrey Elkrief appeared on behalf of defendants.  At the beginning of the hearing, the parties consented to the undersigned issuing an order resolving their discovery dispute without a formal motion to compel, without prejudice to filing such a motion later if need be. This order follows.

A.  Background

This case, removed in October 2025 and proceeding on the August 29, 2025, complaint filed in the Sacramento Superior Court, alleges that defendant employers discriminated against plaintiff based on his disability, failed to accommodate his disability, failed to engage in a good-faith interactive process, and retaliated against him for requesting medical leave.  (ECF Nos. 1 & 1-2, Exh. A.)

1

In the Joint Status Report filed December 31, 2025, the parties agreed to the following deadlines: initial disclosures due January 31, 2026; non-expert discovery cut-off October 30, 2026; and non-dispositive motions filed by December 1, 2026.  (ECF No. 9.)  These deadlines were not formalized in an order, as the parties also agreed to a settlement conference before a magistrate judge.  (ECF No. 11.)  The case was referred to settlement on January 13, 2026.  (ECF No. 12.)  Judge Cota will hold a settlement conference on July 16, 2026.  (ECF No. 13.)

B.  Disputed Discovery Issues

In the Joint Letter Brief filed April 29, 2026, defendants made the following requests:

1. Defendants assert that plaintiff's original responses, verifications, and production were served belatedly, such that plaintiff did not timely object to the discovery requests. Defendants contend that plaintiff has waived objections and want him to confirm in his forthcoming responses that he is not withholding any documents based on objections other than attorney-client privilege.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  Based on the facts set forth in the parties' letter brief and the informal hearing, the court will grant this request.

2. In defendants' Interrogatory No. 1, they ask plaintiff to state the date he retained counsel in this action.  This fact is not protected by attorney-client privilege.  See Wise v. Southern Tier Express, Inc., 2017 WL 8219076 (D. Nev. July 10, 2017) (dates when plaintiff contacted and hired his attorney are not privileged; identifying the date "discloses an act, not the substance of a confidential communication").  As this is relevant information within the normal scope of discovery, the court will grant this request.

3. In defendants' Interrogatory Nos. 2 & 3, they seek "complete and straightforward responses identifying each treating physician or provider [from whom plaintiff sought treatment], along with their contact information."  As this is relevant information within the normal scope of discovery, the court will grant this request.

4. In defendants' Interrogatory No. 7, they ask plaintiff to state whether he has applied for

2

disability benefits from January 1, 2015 to the present, and identify relevant dates. As this is relevant information within the normal scope of discovery, the court will grant this request.

5.  In defendants' Requests for Production Nos. 9-12 and 41, regarding declaratory relief and punitive damages, defendants seek "a clear response confirming whether all responsive documents have been produced or, if not, identifying what remains outstanding." The court will grant this request.

6.  Defendants state that plaintiff has not yet provided verifications for his supplemental responses, and plaintiff acknowledged this at the hearing. The court will order plaintiff to provide verified supplemental responses within seven days.

Considering that the parties' confidential settlement conference statements are due July 9, 2026, and the simplicity of defendants' requests, the court will set a deadline of one week for plaintiff to provide the responses outlined above.

Accordingly, IT IS HEREBY ORDERED THAT:

1.  All defendants' requests in the Joint Informal Discovery Dispute Letter Brief (ECF No. 15) are GRANTED;

2.  Plaintiff shall provide defendants the responses outlined above no later than seven (7) days from the date of this order; and

3.  Plaintiff shall also provide any outstanding verifications for his supplemental responses no later than seven (7) days from the date of this order.

Dated:  April 30, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/koso2845.disc.oah

3